RICHARD S. ARNOLD, Chief Judge, concurring in the judgment.

I agree with the Court that, in the special circumstances of this case, it is fair to put the burden of proof on the filing debtor on the issue of fact of willfulness. I would limit this holding, however, to the burden of production, the burden of going forward initially with evidence.

Here, only the debtor knows why he did not attend the creditors' meeting at the time of the prior proceeding. He was given a chance to explain and did not take it. He has still offered no explanation for this violation of a court order. One suspects that the bankruptcy process is being abused. If the debtor had produced some evidence tending to show that his default was not willful, I would probably require the objecting creditor to go forward with rebutting evidence, and place the burden of persuasion on the creditor. But that did not happen here. We could require the creditor, I suppose, to depose the debtor and explore the reasons for the latter's default, but that seems to me to put too much of a burden on the one party in this case that we know to be innocent.

I therefore agree that the judgment should be affirmed.

Valentine Osaretin IZEDONMWEN, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 94–1400.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1994.

Decided Oct. 7, 1994.

Rehearing Denied Nov. 8, 1994.

Robert Frager, Kansas City, MO, argued, for petitioner.

Keisha Dawn Bell, Washington, DC, argued (Rank W. Hunger, Allan W. Hausman and John L. Davis, on the brief), for respondent.

Before HANSEN, Circuit Judge, FLOYD R. GIBSON and HENLEY, Senior Circuit Judges.

HENLEY, Senior Circuit Judge.

Valentine Osaretin Izedonmwen petitions for review of a deportation order of the Board of Immigration Appeals (BIA). We deny relief on the petition.

Izedonmwen, who was born in 1955, is a citizen of Nigeria. He entered the United States in 1977 on a student visa and became a permanent resident upon his marriage to a United States citizen.

In July 1987 he pleaded guilty to obtaining Pell grants by fraud in violation of 20 U.S.C. § 1097(a) (1988), and also pleaded nolo contendere to mail fraud in violation of 18 U.S.C. § 1341 (1988). Thereafter, the Immigration and Nationalization Service (INS) issued a show cause order charging deportability under 8 U.S.C. § 1251(a)(4) (1988), which provided for deportation of an alien after conviction of two or more crimes involving moral turpitude.[1]

At a hearing before an immigration judge, Izedonmwen admitted the convictions and conceded that the mail fraud conviction was a crime involving moral turpitude.[2] He, however, argued that the Pell grant conviction did not involve moral turpitude because he used the funds to attend pharmacy school. In addition, Izedonmwen admitted that in 1979 he pleaded guilty to a charge of retail theft, but argued the conviction did not involve moral turpitude. He also requested a section 212(c) waiver of deportation, 8 U.S.C. § 1182(c)(1988), on the ground that deportation would cause a hardship to him, his wife, daughter and step-son.

The judge found that Izedonmwen was not deportable under section 241(a)(4) because the INS had not proved that the theft and Pell grant convictions involved moral turpitude. The judge believed that the INS had to prove that Izedonmwen acted with guilty intent. As to the theft conviction, the judge held that the INS had not demonstrated that the conviction involved moral turpitude because the service had not introduced the text of the statute. As to the Pell grant conviction, the judge agreed with Izedonmwen that the conviction did not involve moral turpitude because he used the funds for educational purposes. In the alternative, the judge granted a section 212(c) waiver, finding that the hardships to Izedonmwen and his family warranted relief.

The INS appealed to the BIA, which reversed the judge's decision. The BIA did not address the state theft conviction because it found that the Pell grant conviction was a crime involving moral turpitude. The BIA also reversed the judge's alternative grant of a section 212(c) waiver, finding that the equities and hardships did not outweigh the adverse factors.

On appeal Izedonmwen renews his argument that the Pell grant conviction was not a crime involving moral turpitude. We disagree. As the BIA noted, Izedonmwen pleaded guilty to "knowingly and wilfully obtaining by fraud and false pretenses Pell grant funds." In *Jordan v. De George*, 341 U.S. 223, 232, 71 S.Ct. 703, 708, 95 L.Ed. 886 (1951), the Supreme Court "ma[d]e it plain that crimes in which fraud was an ingredient have always been regarded as involving moral turpitude."[3] *See also Kabongo v. INS,*

---

1. This section is now codified at 8 U.S.C. § 1251(a)(2)(A)(ii). (Supp. IV 1992).

2. The mail fraud conviction arose from a scheme whereby Izedonmwen used approximately 75 different fictitious names to obtain merchandise by mail.

3. On appeal Izedonmwen spends considerable time trying to persuade this court that despite his guilty plea, he did not obtain the Pell grants by

837 F.2d 753, 758 n. 8 (9th Cir.) (petitioner conceded that 20 U.S.C.A. § 1097(a) conviction involved moral turpitude), *cert. denied,* 488 U.S. 982, 109 S.Ct. 533, 102 L.Ed.2d 564 (1988).

■ Izedonmwen also argues that the BIA abused its discretion in denying him a section 212(c) waiver because it gave undue weight to his criminal convictions. Again, we disagree. "The BIA has abused its discretion if the decision is without rational explanation, departs from established policies, or individually discriminates against a particular race or group." *Hajiani–Niroumand v. INS,* 26 F.3d 832, 835 (8th Cir.1994). "It is not the role of this court to determine whether the BIA gave undue weight to [Izedonmwen's] criminal record. 'Our scope of review is limited to whether the discretion was actually exercised and whether it was exercised in an arbitrary and capricious manner.'" *Id.* at 836 (quoting *Rodriguez–Rivera v. INS,* 993 F.2d 169, 170 (8th Cir.1993)). "We require only that the BIA render a decision that sets out its analysis sufficiently to enable us as a reviewing court to see that the BIA has heard, considered and decided, and not merely reacted." *Id.* at 837. In this case, the BIA has not abused its discretion. In denying the waiver, the BIA considered the equities in Izedonmwen's favor, including the facts that he was employed and was a husband and father, but noted that his wife was not wholly dependent on him for support in that she worked, received child support and owned her own home. The BIA also noted that although Izedonmwen would suffer some hardship in returning to Nigeria, he was relatively young, in good health, and had family in the country. As to the adverse factors, the BIA observed that Izedonmwen's criminal activities began shortly after he arrived in the United States and that the nature and frequency of the crimes demonstrated he had not been rehabilitated.

As indicated, we deny relief on Izedonmwen's petition for review.

fraud. He, however, concedes that "[c]riminal convictions cannot be collaterally attacked during immigration proceedings." *Gouveia v. INS,* 980 F.2d 814, 817 (1st Cir.1992).