# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2644

_____

Miguel Hernandez-Perez,

        Petitioner,

    v.

Eric H. Holder, Jr., Attorney General,

        Respondent.

\*
\*
\*
\*  Petition for Review
\*  Of an Order of the
\*  Board of Immigration Appeals.
\*
\*
\*

_____

Submitted:  March 10, 2009
Filed:  June 16, 2009

_____

Before WOLLMAN, BRIGHT, and COLLOTON, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Miguel Hernandez-Perez petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the immigration judge's denial of his application for cancellation of removal. We deny the petition.

I.

Hernandez-Perez is a citizen of Guatemala who entered the United States without inspection in 1997. In 2005, the Attorney General served Hernandez-Perez with a notice to appear, thus commencing removal proceedings against him. Hernandez-Perez conceded removability, but submitted an application for cancellation

of removal and voluntary departure pursuant to sections 240A(b) and 240B(b) of the Immigration and Nationality Act (INA), 8 U.S.C. §§ 1229b(b) and 1229c(b).

The Attorney General asserted that Hernandez-Perez was ineligible for cancellation of removal because he had been convicted of a crime involving moral turpitude. The immigration judge agreed and determined that Hernandez-Perez had not met the statutory requirements of § 1229b(b) because his previous conviction for child endangerment was a crime involving moral turpitude. The BIA adopted and affirmed the immigration judge's opinion.

## II.

Congress did not define the phrase "crime of moral turpitude" in the INA, leaving the phrase open to future administrative and judicial interpretation. Franklin v. INS, 72 F.3d 571, 572 (8th Cir. 1995). We give deference to the BIA's interpretation of an ambiguous statutory phrase and "uphold its construction as long as it is reasonable." Chanmouny v. Ashcroft, 376 F.3d 810, 811 (8th Cir. 2004).

To be eligible for cancellation of removal, a nonpermanent alien must have been a person of good moral character during the statutory period. 8 U.S.C. §1229b(b)(1). A person is not of good moral character if he has been "convicted of a crime involving moral turpitude." 18 U.S.C. § 1227(a)(2)(A). "Moral turpitude refers generally to conduct which is inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society in general." Chanmouny, 376 F.3d at 811-812 (quoting In re Ajami, 22 I. & N. Dec. 949, 950 (BIA 1999)). Although one factor in determining which acts involve moral turpitude is whether the act is accompanied by a vicious motive or corrupt mind, "the presence or absence of a corrupt or vicious mind is not controlling." Keugne v. U.S. Attorney General, 561 F.3d 1281, 1284 (11th Cir. 2009) (per curiam) (quoting In re Medina, 15 I. & N. Dec. 611, 614 (BIA 1976)).

To determine whether a conviction qualifies as one involving moral turpitude, we look to the statutory language of the crime, not the underlying facts. Franklin, 72 F.3d at 572. Critical to a finding of moral turpitude is the intent required by the statute under which the petitioner was convicted. Reyes-Morales v. Gonzales, 435 F.3d 937, 945 (8th Cir. 2006). Although moral turpitude is typically found in crimes committed intentionally or knowingly, we have held that reckless conduct may be sufficient if an aggravating factor is present. Godinez-Arroyo v. Mukasey, 540 F.3d 848, 851 (8th Cir. 2008). This has long been the standard followed by the BIA. See Knapik v. Ashcroft, 384 F.3d 84, 90 (3d Cir. 2004) (relying in part on Medina, 15 I. & N. Dec. 611).

In Medina, the BIA concluded that an aggravated assault conviction under Illinois law is a crime involving moral turpitude, 15 I. & N. Dec. at 614, the aggravating factor in Medina being the use of a deadly weapon. See In re Fualaau, 21 I & N Dec. 475, 478 (BIA 1996). The BIA emphasized that although the statute did not require a specific intent to cause harm, it required that the violator consciously disregard a substantial and unjustifiable risk. Medina, 15 I & N Dec. at 614. Likewise, the Third Circuit upheld the BIA's determination that New York's reckless endangerment statute qualified as a crime of moral turpitude. Knapik, 384 F.3d at 90. The court recognized that a drunk driving offense on its own "almost certainly does not involve moral turpitude," but concluded that the statute's requirement that the defendant "create a grave risk of death to another person," was an aggravating factor sufficient to find moral turpitude. Id. (internal quotations omitted). "With regard to reckless acts, moral turpitude inheres in the conscious disregard of a substantial and unjustifiable risk of severe harm or death." Id. at 90 n.5; see also Keugne, 561 F.3d at 1287.

Hernandez-Perez pled guilty in Iowa state court to one count of operating a vehicle while intoxicated and one count of child endangerment resulting in bodily injury pursuant to Iowa Code sections 321J.2, 726.6(1)(a), and 726.6(2A). Under

-3-

Iowa law, a person is guilty of child endangerment if he is "the parent, guardian or person having custody or control" over a minor child and "[k]nowingly acts in a manner that creates a substantial risk to a child or minor's physical, mental, or emotional health or safety." Iowa Code § 726.6. The Iowa Supreme Court has interpreted the term knowingly to mean that the defendant "acted with the knowledge that she was creating a substantial risk to the child's safety." State v. James, 693 N.W.2d 353, 357 (Iowa 2005). While Hernandez-Perez is correct that a "simple operating a motor vehicle while intoxicated" conviction would not qualify as a crime involving moral turpitude, the aggravating factor here is present in the child endangerment statute's requirement of a conscious disregard of a substantial risk to a child in his care. Accordingly, we cannot say that the BIA's interpretation is unreasonable.

The petition for review is denied.

_____