# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3918

_____

Guillermo Guardado-Garcia,      *
     *
     Petitioner,      *
     * Petition for Review of
     v.      * an Order of the Board
     * of Immigration Appeals.
Eric H. Holder, Jr., United States      *
Attorney General,      *
     *
     Respondent.      *

_____

Submitted: September 21, 2009
Filed: August 4, 2010

_____

Before RILEY,[1] Chief Judge, JOHN R. GIBSON, and MURPHY, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

Guillermo Guardado-Garcia, a native and citizen of El Salvador, petitions for review of the decision of the Board of Immigration Appeals (Board) affirming the immigration judge's (IJ) order of removal for having been convicted of a crime involving moral turpitude. Guardado-Garcia pleaded guilty in 2002 to misusing a social security number in violation of 42 U.S.C. § 408(a)(7)(B). Guardado-Garcia argues that his conviction for misusing a social security number did not involve moral

_____

[1]The Honorable William Jay Riley became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 1, 2010.

turpitude and that he is therefore not removable.  He also argues that the Board violated due process by not applying the appropriate law.  We deny the petition.

I.

Guillermo Guardado-Garcia illegally entered the United States on or about December 30, 1989.  He was later granted temporary protected status.  On October 10, 2002, Guardado-Garcia pleaded guilty to the misuse of a social security number in violation of 42 U.S.C. § 408(a)(7)(B) for having applied for an employee identification badge at Lambert-St. Louis International Airport by using a social security number that was not assigned to him.

Removal proceedings commenced.  Although Guardado-Garcia admitted to the factual allegations of misuse of a social security number and conceded that he was subject to removal as an alien illegally present in the United States, he denied the charge of inadmissibility relating to a crime involving moral turpitude.

On January 16, 2007, the IJ found that Guardado-Garcia's knowing misuse of a social security number was committed with an intent to deceive and for the purpose of "obtaining or retaining an airport identification badge, giving him access to secured areas."  The IJ noted that "[t]he Social Security Administration assigned numbers so that these numbers will be identified with the person for future identification for lawful purposes[,]" and that in view of the potential security threats to the United States, "it is definitely in the interest of this country to make sure these numbers are appropriately assigned."  The IJ sustained the charges of inadmissibility and ordered Guardado-Garcia removed to El Salvador.

On November 19, 2008, the Board adopted and affirmed the IJ's decision and dismissed Guardado-Garcia's appeal.  The Board agreed that Guardado-Garcia's conviction under 42 U.S.C. § 408(a)(7)(B) was for a crime involving moral turpitude

because it involved "both an intent to deceive and an impairment of government function."  Guardado-Garcia petitions for review of the decision of the Board.

## II.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(D) to review the "constitutional claims or questions of law raised upon a petition for review."  We review the Board's legal determinations de novo, Kim v. Holder, 560 F.3d 833, 836 (8th Cir.), cert. denied, 130 S.Ct. 393 (2009), deferring to the agency's interpretation of ambiguous statutory terms "so long as its interpretation is reasonable and consistent with the statute."  Corado v. Ashcroft, 384 F.3d 945, 947 (8th Cir. 2004).  We accord substantial deference to the Board's interpretation of immigration statutes and regulations.  Kim, 560 F.3d at 836.

Guardado-Garcia contends that his conviction for misuse of a social security number under 42 U.S.C. § 408(a)(7)(B) does not fall within the definition of a crime involving moral turpitude.  The indictment charged that Guardado-Garcia had "knowingly and falsely represented with an intent to deceive, and for the purpose of obtaining or retaining an airport identification badge giving him access to secured areas," that a social security number was his, when in fact it was not.  Guardado-Garcia admits this statement is true, but he denies that he posed a security risk.

Crimes involving moral turpitude have been held to require conduct "that is inherently base, vile, or depraved, and contrary to accepted rules of morality and the duties owed between persons or to society in general."  Lateef v. Dep't of Homeland Sec., 592 F.3d 926, 929 (8th Cir. 2010) (internal quotations omitted).  "Crimes involving the intent to deceive or defraud are generally considered to involve moral turpitude."  Id.

Here, the IJ concluded that Guardado-Garcia's misuse of a social security number in violation of 42 U.S.C. § 408(a)(7)(B) constituted a crime involving moral turpitude. The record supports that conclusion. In relevant part, the statute provides that a person commits a felony who

> for the purpose of obtaining . . . any other benefit to which he . . . is not entitled, . . . or for any other purpose – . . .

> (B) with intent to deceive, falsely represents a number to be the social security account number assigned by the Commissioner of Social Security to him . . ., when in fact such number is not the social security account number assigned by the Commissioner of Social Security to him . . ..

Intent to deceive for the purpose of wrongfully obtaining a benefit is an essential element of § 408(a)(7)(B). Accordingly, the Board's interpretation of that crime as one involving moral turpitude is reasonable. See Lateef, 592 F.3d at 929.

Next, we reject petitioner's argument that the Board violated due process by not applying the analysis set forth in Matter of Silva-Trevino, 24 I. & N. Dec. 687 (BIA 2008). Guardado-Garcia argues that the Board was bound to follow the Attorney General's ruling in Silva-Trevino and that its failure to do so is tantamount to an agency failing to follow its own rules. Petitioner's due process claim is without merit. We are bound by our circuit's precedent, and to the extent Silva-Trevino is inconsistent, we adhere to circuit law. See Jean-Louis v. Att'y Gen., 582 F.3d 462, 470-73 (3d Cir. 2009) (concluding that "deference is not owed to Silva-Trevino's novel approach"). As outlined above, we determine that the Board's analysis was sound and that its conclusion is consistent with the established approach in our circuit.

We also reject the petitioner's reliance on Beltran-Tirado v. INS, 213 F.3d 1179 (9th Cir. 2000), which he contends stands for the proposition that a violation of § 408(a)(7)(B) is not a crime of moral turpitude. We have declined to follow Beltran-

-4-

Tirado. Lateef, 592 F.3d at 930-31 (declining to apply Beltran-Tirado to § 408(a)(7)(A) conviction for using an unlawfully obtained social security number because its holding is limited by issues in case). Yet Guardado-Garcia argues that our rejection of Beltran-Tirado in Lateef does not control the outcome in this case because this case arises under a different subsection of 42 U.S.C. § 408.

We are not persuaded by petitioner's argument. Although Beltran-Tirado concluded that § 408(a)(7)(B) was not to be considered a crime involving moral turpitude, it did so in the context of a statutory exemption from prosecution for a limited category of cases. Lateef, 592 F.3d at 930-31. As we reasoned, "The mere fact that Congress chose to exempt a certain class of aliens from prosecution for certain acts does not necessarily mean that those acts do not involve moral turpitude in other contexts." Id. at 931 (internal quotation marks and citation omitted); Serrato-Soto v. Holder, 570 F.3d 686, 692 (6th Cir. 2009) (declining to follow Beltran-Tirado for the same reason and adhering to circuit precedent finding crimes of dishonesty within class of crimes involving moral turpitude). The Board's conclusion that Guardado-Garcia's conviction involved moral turpitude is consistent with Lateef.

### III.

The Board's conclusion that Guardado-Garcia's conviction involved moral turpitude is reasonable, and its interpretation of the ambiguous phrase "crime involving moral turpitude" is due deference. Accordingly, we deny the petition for review.

_____