NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted April 5, 2013*
Decided April 9, 2013

Before

FRANK H. EASTERBROOK, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 12-3374

WALTERINA MIRANDA-MURILLO,
    *Petitioner*,

       *v.*

ERIC H. HOLDER, JR.,
Attorney General of the United States,
    *Respondent*.

Petition for Review of an Order of the Board of Immigration Appeals.

**Order**

Walterina Miranda-Murillo, a citizen of Honduras, was ordered removed from the United States following her conviction for misuse of a Social Security number in order to deceive an employer into thinking that her immigration status allowed employment. See 42 U.S.C. §408(a)(7)(B). She asked for discretionary relief, such as cancellation of removal, but the Board of Immigration Appeals concluded that her offense is a "crime of moral turpitude." An alien who has committed such an offense lacks the good moral character required for discretionary relief. See 8 U.S.C. §§ 1229b(b)(1)(B), 1229c(b)(1)(B).

---

* The court granted the parties' joint motion to waive oral argument.

The Board deems offenses that entail fraud to be crimes of moral turpitude. Miranda-Murillo contends that the Board's understanding of "moral turpitude" is mistaken and asks this court to follow *Beltran-Tirado v. INS*, 213 F.3d 1179 (9th Cir. 2000). Other courts of appeals have rejected *Beltran-Tirado* and held that the Board is entitled to use the understanding of "moral turpitude" that it has followed for many years and to conclude that offenses such as §408(a)(7)(B) come within it. See, e.g., *Guardado-Garcia v. Holder*, 615 F.3d 900, 902–03 (8th Cir. 2010); *Serrato-Soto v. Holder*, 570 F.3d 686, 692 (6th Cir. 2009); *Hyder v. Keisler*, 506 F.3d 388, 393 (5th Cir. 2007). See also *Lateef v. Department of Homeland Security*, 592 F.3d 926, 928, 931 (8th Cir. 2010); *Omagah v. Ashcroft*, 288 F.3d 254, 261–62 (5th Cir. 2002).

In *Marin-Rodriguez v. Holder*, No. 12-2253 (7th Cir. Mar. 6, 2013), this court disagreed with *Beltran-Tirado* and held that the Board acted within its authority when concluding that offenses arising from the misuse of Social Security cards and Social Security numbers are "crimes of moral turpitude." In light of *Marin-Rodriguez*, Miranda-Murillo's petition for review must be denied. She has done all that is necessary to preserve an entitlement to ask the Supreme Court to resolve the conflict and should direct her arguments to that forum.

The petition for review is denied.