# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-2977

_____

Imelda Rios-Diaz

*Petitioner*

v.

Eric H. Holder, Jr.

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: September 25, 2013
Filed: November 27, 2013
[Unpublished]

_____

Before MURPHY, MELLOY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

After Imelda Rios-Diaz was convicted of mail fraud in violation of 18 U.S.C. § 1341, an immigration judge found her removable, pretermitted her cancellation of removal application, and denied her request for voluntary departure. The Board of Immigration Appeals affirmed. Rios-Diaz petitions for review, arguing that the

Board erred in concluding that her mail fraud conviction qualified as a crime of moral turpitude. We deny the petition.

Rios-Diaz entered the United States from Mexico in September 1991 without inspection or admission by an immigration officer. She has resided here since then. Her two children are United States citizens, and her parents are lawful permanent residents. While operating her business, Neat Touch Cleaning Services, Rios-Diaz reported inaccurate social security numbers for some employees in her business tax returns. In April 2009, the Social Security Administration executed a search warrant at her place of business and arrested her. She was convicted of mail fraud under 18 U.S.C. § 1341 and unlawful disclosure of a social security number under 42 U.S.C. § 408(a)(8).

The Department of Homeland Security served Rios-Diaz with a notice to appear in immigration court on September 11, 2009, charging her with removability as an alien present in the United States without having been admitted or paroled and as an alien who had been convicted of a crime involving moral turpitude. While she conceded removability, she sought cancellation of removal because she asserted that her mail fraud offense was not a crime involving moral turpitude. In the alternative, she asked for voluntary departure.

The immigration judge ruled that Rios-Diaz had been convicted of a crime involving moral turpitude, pretermitted her application for cancellation of removal, denied her application for voluntary departure, and ordered her removed from the United States. The Board of Immigration Appeals affirmed. Rios-Diaz now petitions for review, arguing that the Board erred as a matter of law in concluding that her mail fraud conviction qualified as a crime of moral turpitude. We review constitutional claims and questions of law de novo, giving substantial deference to the Board's interpretation of immigration statutes and regulations. Hamilton v. Holder, 680 F.3d 1024, 1026–27 (8th Cir. 2012). We review the interpretation of federal criminal

statutes de novo without according any deference to the Board.  Tostado v. Carlson, 481 F.3d 1012, 1014 (8th Cir. 2007).

Federal law prohibits admission into the United States of persons who have been convicted of a crime involving "moral turpitude."  8 U.S.C. § 1182(a)(2)(A)(i). Immigrants with such convictions are also ineligible for cancellation of removal. Hernandez-Perez v. Holder, 569 F.3d 345, 347 (8th Cir. 2009).  In order to determine whether a conviction qualifies as one involving moral turpitude, we look to the statutory language of the crime and not the underlying facts.  Id. at 348.  Our inquiry ends if we find that there is "no realistic probability" that the federal statute under which the person was convicted "would be applied to reach conduct that does not involve moral turpitude," as opposed to a "theoretical possibility."  Matter of Silva-Trevino, 24 I. & N. Dec. 687, 689–90 (A.G. 2008) (applying Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193 (2007)).

Rios-Diaz was convicted of mail fraud under 18 U.S.C. § 1341 which requires the government to prove "a scheme to defraud by means of material false representations of promises, [and an] intent to defraud."  United States v. McKanry, 628 F.3d 1010, 1017 (8th Cir. 2010).  The Supreme Court has instructed that "fraud has consistently been regarded as . . . within the scope of moral turpitude."  Jordan v. De George, 341 U.S. 223, 229 (1951); see also Izedonmwen v. INS, 37 F.3d 416, 417–18 (8th Cir. 1994).  Because the intent to defraud is an element of mail fraud, there is no realistic probability that a person would be convicted under § 1341 for conduct that did not involve moral turpitude.

Rios-Diaz argues that the conduct underlying her conviction did not demonstrate moral turpitude.  According to her, she only failed to verify the validity of the social security numbers provided by her employees before reporting those numbers in her tax returns.  She relies on a Ninth Circuit decision in which that court concluded that using a false social security number is not a crime of moral turpitude.

Beltran-Tirad v. INS, 213 F.3d 1179, 1183–85 (9th Cir. 2000). Our court has however ruled that whether a conviction involves moral turpitude depends on the statutory language of the crime and not the underlying facts. Hernandez-Perez, 569 F.3d at 347. Moreover, Rios-Diaz was convicted of mail fraud, not simply the use of a false social security number like in Beltran-Tirad, and our court has specifically declined to follow that decision. See Guardado-Garcia v. Holder, 615 F.3d 900, 902–03 (8th Cir. 2010).

For these reasons we deny the petition for review of the Board's order.

_____