# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3387
_____

Angel Miranda-Romero

*Petitioner*

v.

Loretta E. Lynch, Attorney General of United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: June 9, 2015
Filed: August 12, 2015
_____

Before GRUENDER, MELLOY, and BENTON, Circuit Judges.
_____

GRUENDER, Circuit Judge.

The Board of Immigration Appeals ("BIA") determined that Angel Miranda-Romero, a Mexican citizen, was ineligible for cancellation of removal because he had committed a crime involving moral turpitude punishable by one or more years of imprisonment. *See* 8 U.S.C. §§ 1229b(b)(1)(C), 1227(a)(2). Angel-Romero petitions our court for review, and we deny the petition.

Miranda-Romero was arrested in Kansas City, Missouri for multiple traffic offenses. Law-enforcement officials identified Miranda-Romero as a citizen of Mexico who had not been admitted or paroled for entry into the United States. As a result, Miranda-Romero faced removal proceedings. After conceding that he was removable, Miranda-Romero requested cancellation of removal. *See* 8 U.S.C. § 1229b. The immigration judge found that Miranda-Romero was not eligible for cancellation because he had been convicted in 1993 of violating California Penal Code § 472, a statute that criminalizes forgery and related conduct. On review, the BIA determined that § 472 is categorically a crime involving moral turpitude that carries a potential sentence of one year or more in prison. Accordingly, the BIA held that Miranda-Romero was ineligible for cancellation of removal. *See* 8 U.S.C. §§ 1229b(b)(1)(C), 1227(a)(2); *Avendano v. Holder*, 770 F.3d 731, 734 (8th Cir. 2014) ("The Immigration and Nationality Act provides that an alien who is convicted of a crime involving moral turpitude is ineligible for cancellation of removal, where the offense is punishable by a sentence of one year or longer."). Miranda-Romero does not dispute that his conviction was punishable by one year or more in prison but argues that his prior offense does not constitute a crime involving moral turpitude.

"Although we lack jurisdiction to review the ultimately discretionary denial of cancellation of removal, 8 U.S.C. § 1252(a)(2)(B), we are not precluded from considering 'constitutional claims or questions of law raised upon a petition for review,' § 1252(a)(2)(D)." *Sanchez-Velasco v. Holder*, 593 F.3d 733, 735 (8th Cir. 2010). We review these questions *de novo*, "according substantial deference to the agency's interpretation of immigration statutes and regulations." *Id.* The phrase "crime involving moral turpitude" is not defined by statute and thus "the meaning of the phrase was left 'to future administrative and judicial interpretation.'" *Avendano*, 770 F.3d at 734 (quoting *Franklin v. INS*, 72 F.3d 571, 572 (8th Cir. 1995)). We have approved the BIA's "'longstanding general definition' of a crime involving moral turpitude, which include[s] 'acts accompanied by a vicious motive or a corrupt mind.'" *Id.* (quoting *Chanmouny v. Ashcroft*, 376 F.3d 810, 814 (8th Cir. 2004)).

"[C]rimes that have a specific intent to defraud as an element have always been found to involve moral turpitude." *In re Kochlani*, 24 I. & N. Dec. 128, 130-31 (BIA 2007); *see Bobadilla v. Holder*, 679 F.3d 1052, 1057 (8th Cir. 2012) (explaining that offenses that require fraud as an element are categorically crimes involving moral turpitude).

Miranda-Romero argues that § 472 criminalizes both acts requiring a specific intent to defraud and acts without this mens rea. *See Bobadilla*, 679 F.3d at 1054-56 (explaining that our first step in the crime-involving-moral-turpitude analysis is to apply the "categorical approach" and determine whether an offense is inherently a crime involving moral turpitude). In Miranda-Romero's view, the BIA erred in determining that the statute categorically includes only crimes involving moral turpitude. Thus, the sole issue in this appeal is whether Miranda-Romero's 1993 conviction under § 472 necessarily required a specific intent to defraud and therefore is categorically a crime involving moral turpitude.

Section 472 provides:

> Every person who, with intent to defraud another, forges, or counterfeits the seal of this State, the seal of any public officer authorized by law, the seal of any Court of record, or the seal of any corporation, or any other public seal authorized or recognized by the laws of this State, or of any other State, Government, or country, or who falsely makes, forges, or counterfeits any impression purporting to be an impression of any such seal, or who has in his possession any such counterfeited seal or impression thereof, knowing it to be counterfeited, and willfully conceals the same, is guilty of forgery.

Miranda-Romero argues that the phrase "with intent to defraud another" refers only to the conduct of forging or counterfeiting various government or corporate seals or a court record. Thus, according to Miranda-Romero, the criminal conduct of one "who falsely makes, forges, or counterfeits any impression purporting to be an

impression of any such seal" or one "who has in his possession any such counterfeited seal or impression thereof, knowing it to be counterfeited, and willfully conceals the same" does not require a specific intent to defraud for a conviction under § 472.

Section 472 was enacted in 1872 and its language has never been revised. California courts have interpreted § 472 as categorically requiring an intent to defraud. *See Villatoro v. Holder*, 760 F.3d 872, 878 (8th Cir. 2014) (looking to Iowa case law to help determine whether an Iowa statute was categorically a crime involving moral turpitude). As early as 1901, the California Supreme Court explained that "[s]ections 470, 471, and 472 provide that every person who, with intent to defraud another, does certain acts therein enumerated is guilty of forgery." *People v. Terrill*, 65 P. 303, 305 (Cal. 1901). More recently, a California appellate court interpreted § 472 when reviewing a defendant's sufficiency-of-the-evidence challenge. *People v. Castellanos*, 2 Cal. Rptr. 3d 544, 546-47 (Cal. App. 4th 2003). In its analysis, the court explained that a specific intent to defraud was a required element for a conviction of possessing a forged or counterfeit document under § 472. *Id.*

Miranda-Romero's argument relies only on his parsing of the statute's text and does not cite any relevant California authority that supports his interpretation. In light of the California courts' longstanding interpretation of this statute, we hold that a conviction under § 472 always includes the element of a specific intent to defraud and is thus categorically a crime involving moral turpitude. *See In re Kochlani*, 24 I. & N. Dec. at 130-31. We deny Miranda-Romero's petition.

_____