# United States Court of Appeals

## For the Eighth Circuit

_____

No. 20-2399
_____

Encarnacion Gomez-Puac; Jimena Candelaria Gomez, also known as Candelaria
Jimena Gomez-Ochoa

*Petitioner*s

v.

Merrick B. Garland, Attorney General of the United States[1]

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: March 18, 2021
Filed: March 23, 2021
[Unpublished]

_____

Before KELLY, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

_____

[1]Merrick B. Garland has been appointed to serve as Attorney General of the
United States, and is substituted as respondent pursuant to Federal Rule of Appellate
Procedure 43(c).

Encarnacion Gomez-Puac, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigrations Appeals (BIA), which dismissed his appeal from an immigration judge's decision denying asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[2] After careful consideration of the record and the parties' arguments, we conclude that Gomez-Puac waived any challenge to CAT relief by specifically conceding the claim, and that he waived any challenge to the denial of withholding of removal by not meaningfully arguing it in his opening brief.  See Adame-Hernandez v. Barr, 929 F.3d 1020, 1023 n.1 (8th Cir.), cert. denied, 140 S. Ct. 608 (2019) (reiterating that claims raised for the first time in a reply brief are waived); Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004) (reiterating that a claim not raised or meaningfully argued in an opening brief is deemed waived).

---

[2]Gomez-Puac's minor daughter, Jimena Candelaria Gomez (Candelaria) filed a separate I-589 application for asylum and withholding of removal, but her proceedings were eventually consolidated with Gomez-Puac's because her claim was based on his claim, and she thus became his derivative applicant.  Because Candelaria's asylum application was derivative of Gomez-Puac's application, all references are to Gomez-Puac, unless otherwise relevant.  See 8 U.S.C. § 1158(b)(3)(A) (spouse or child "of an alien who is granted asylum under this subsection may, if not otherwise eligible for asylum under this section, be granted the same status as the alien if accompanying, or following to join, such alien").  There are no derivative benefits for withholding of removal or CAT relief.  See Fuentes v. Barr, 969 F.3d 865, 868 n.1 (8th Cir. 2020) (per curiam).  To the extent Candelaria intended to assert her own independent, non-derivative claim for asylum or withholding of removal, we conclude that she waived any challenge to the denial of such relief by failing to raise the issue before the BIA or this court.  See 8 U.S.C. § 1252(d)(1) (this court may review final removal order only if a noncitizen has exhausted all administrative remedies); Baltti v. Sessions, 878 F.3d 240, 244 (8th Cir. 2017) (per curiam) (concluding that in enacting § 1252(d)(1), Congress intended that a noncitizen not only pursue all stages of administrative review, but also raise all issues before the agency).

The sole argument Gomez-Puac raises in his opening brief is that the BIA, in denying asylum, erred by failing to analyze whether he had an objectively reasonable, well-founded fear of persecution based on a "pattern or practice" of persecution of a group of similarly situated individuals in Guatemala. But because the agency determined Gomez-Puac's asylum application was time-barred—a finding he did not challenge and this court would nevertheless lack jurisdiction to review—we are precluded from considering his asylum claim and Candelaria's derivative asylum claim, and we therefore do not reach the pattern-or-practice issue.

Accordingly, we deny the petition for review.

_____