# United States Court of Appeals
## For the First Circuit

No. 11-1535

CARLOS ALBERTO MARQUES VIVEIROS,

Petitioner,

v.

ERIC H. HOLDER, JR., ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF THE

BOARD OF IMMIGRATION APPEALS

Before

Lynch, Chief Judge,
Selya and Boudin, Circuit Judges.

Matthew S. Cameron on brief for petitioner.
Tony West, Assistant Attorney General, Civil Division, Terri J. Scadron, Assistant Director, and Kathryn L. Deangelis, Trial Attorney, Office of Immigration Litigation, on brief for respondent.

June 25, 2012

**SELYA, Circuit Judge.** The petitioner, Carlos Alberto Marques Viveiros, is a Portuguese national. He seeks judicial review of a final order of the Board of Immigration Appeals (BIA) denying his motion to terminate removal proceedings and mandating his deportation. After careful consideration of the question of statutory interpretation that the petitioner raises, we deny his petition.

The pertinent facts are easily summarized. The petitioner was admitted into the United States in 1984 as a lawful permanent resident. He settled in Massachusetts. Roughly a quarter-century later, Massachusetts authorities charged him with shoplifting, see Mass. Gen. Laws ch. 266, § 30A, and larceny, see id. § 30(1). These charges arose out of separate crimes allegedly committed at separate times and places.

The petitioner pleaded guilty to the shoplifting charge in a Massachusetts state court and was fined $250. He pleaded guilty to the larceny charge in the same court and was sentenced to 18 months of probation.

The shoplifting fine was never paid. Some five months after the fine was imposed, a probation officer requested that it be waived, and the court thereupon vacated it. According to the docket, the ultimate disposition was a "guilty finding with no fines or costs."

In due course, the Department of Homeland Security (DHS) commenced removal proceedings against the petitioner. The DHS premised this action on the petitioner's convictions for two independent crimes of moral turpitude. See 8 U.S.C. § 1227(a)(2)(A)(ii). The shoplifting and larceny convictions comprise the two predicate convictions.

The petitioner appeared before an immigration judge (IJ). He did not contest the DHS's assertion that shoplifting and larceny are crimes of moral turpitude but, rather, moved to terminate the removal proceedings on the ground that he was never "convicted" of shoplifting within the meaning of the immigration laws. In support, he relied upon the vacation of the fine that had originally been imposed.

The IJ rejected the petitioner's argument, denied the motion to terminate, and ordered the petitioner removed to Portugal. When the petitioner prosecuted an administrative appeal, the BIA affirmed the IJ's order. The BIA held that Viveiros was convicted of shoplifting because a "formal judgment of guilt" had been entered against him. See id. § 1101(a)(48)(A). This timely petition for judicial review followed.

This case turns on a singular question of statutory construction: was the petitioner, with respect to the crime of shoplifting, "convicted" within the meaning of 8 U.S.C. § 1227(a)(2)(A)(ii)? Both the IJ and the BIA answered this

question in the affirmative. We review the agency's legal conclusion de novo, ceding some deference to its interpretation because the statute at issue falls within its purview. See Arévalo-Girón v. Holder, 667 F.3d 79, 82 (1st Cir. 2012); Mendez-Barrera v. Holder, 602 F.3d 21, 24 (1st Cir. 2010).

Whether a person is "convicted" within the meaning of section 1227(a)(2)(A)(ii) depends on whether his particular set of circumstances comes within the definitional ambit of a related statute, 8 U.S.C. § 1101(a)(48)(A). Under the latter statute, a "conviction" can occur in either of two ways. First, a conviction takes place if there is "a formal judgment of guilt of the alien entered by a court." 8 U.S.C. § 1101(a)(48)(A). Second, a conviction likewise occurs if "(i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed." Id. The agency rested its decision on the first definition of "conviction," and our review is restricted to the ground of the agency's holding. See El Moraghy v. Ashcroft, 331 F.3d 195, 203 (1st Cir. 2003).

The petitioner concedes that the disposition of the larceny charge constitutes a conviction. The parties spar, however, over whether the shoplifting charge culminated in a

"formal judgment of guilt" within the meaning of the first definition of "conviction." The petitioner posits that this definition requires something more than a mere finding of guilt; otherwise, the second definition would be superfluous. The petitioner says that the "something more" is a sentence. In his view, he received no sentence for the shoplifting crime, and, therefore, that charge did not result in a "formal judgment of guilt" under the first definition.

The facts of this case do not demand that we test the petitioner's hypothesis because his argument fails on its own terms. We explain briefly.

At the time that the state court found the petitioner guilty of shoplifting, it ordered him to pay a $250 fine. The finding of guilt coupled with the imposition of a pecuniary sanction constituted a formal judgment of guilt by any measure. See Mejia Rodriguez v. U.S. DHS, 629 F.3d 1223, 1226-27 (11th Cir. 2011) (per curiam) (holding that "to establish a conviction for immigration purposes, a court must accept a guilty plea or jury verdict, make an adjudication, and impose a sentence"); Singh v. Holder, 568 F.3d 525, 530-31 (5th Cir. 2009) (defining "formal judgment of guilt" by reference to Fed. R. Crim. P. 32(k)(1)); see also Ira J. Kurzban, Kurzban's Immigration Law Sourcebook 220 (12th ed. 2010).

The petitioner endeavors to alter this reality by insisting that the subsequent vacation of the $250 fine transmogrifies his case into one in which no sentence was ever imposed. This attempt to rewrite history cannot survive scrutiny. We previously have held that when an alien's conviction is vacated for reasons other than procedural or substantive error, he remains "convicted" for immigration purposes. See, e.g., Rumierz v. Gonzales, 456 F.3d 31, 39-40 (1st Cir. 2006); Herrera-Inirio v. INS, 208 F.3d 299, 305 (1st Cir. 2000). Other courts uniformly have hewed to this rationale. See, e.g., Dung Phan v. Holder, 667 F.3d 448, 452-53 (4th Cir. 2012); Poblete Mendoza v. Holder, 606 F.3d 1137, 1141 (9th Cir. 2010); Saleh v. Gonzales, 495 F.3d 17, 24-25 (2d Cir. 2007); Cruz v. Att'y Gen. of U.S., 452 F.3d 240, 245 (3d Cir. 2006). It necessarily follows that the vacation of a fine for reasons unrelated to procedural or substantive error does not dissipate the underlying conviction for purposes of section 1227(a)(2)(A)(ii).

The petitioner's case falls within this taxonomy. There is no indication in the record that his fine for shoplifting was vacated on account of either procedural or substantive error. To the contrary, the state court docket reflects that roughly five months after the fine was imposed, it was waived "on recommendation of [the] Probation Dept." When the petitioner's counsel sought clarification regarding the final disposition, the state court

wrote that the "docket should reflect [a] guilty finding with no fines or costs."  The implication of these docket entries is pellucid: the state court, exercising clemency, waived the petitioner's fine at the behest of his probation officer.  There is not the slightest hint that the waiver came about because of some legal infirmity in the shoplifting proceedings.  Accordingly, the shoplifting conviction remains a "formal judgment of guilt," 8 U.S.C. § 1101(a)(48)(A), and endures for immigration law purposes.

We reject out-of-hand the petitioner's suggestion that there was no "formal judgment of guilt" because he was never ultimately punished for his shoplifting crime.  See Griffiths v. INS, 243 F.3d 45, 54 (1st Cir. 2001) (stating that "the punishment question is irrelevant" to an inquiry into whether a formal judgment has been imposed).[1]  Congress explicitly included a punishment requirement in the second definition of "conviction" but withheld it from the first definition.  This is unimpeachable proof that a "formal judgment of guilt," within the meaning of the statute at issue here, does not necessarily require a punitive sanction.  See Duncan v. Walker, 533 U.S. 167, 173 (2001) (explaining that "where Congress includes particular language in one section of a statute but omits it in another section of the

---

[1] To the extent that the petitioner relies upon the facts of Griffiths, that case is easily distinguished.  In Griffiths, the court simply "filed" a guilty plea without ever imposing a sentence.  See 243 F.3d at 51-52.

-7-

same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion" (internal quotation marks omitted)).

We need go no further. For the reasons elucidated above, the petition for judicial review is denied.

**It is so ordered.**