# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-2004

_____

Arturo Andrade-Zamora

*Petitioner*

v.

Loretta E. Lynch, Attorney General of United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: December 15, 2015
Filed: February 26, 2016

_____

Before WOLLMAN, LOKEN, and BYE, Circuit Judges.

_____

BYE, Circuit Judge.

Arturo Andrade-Zamora petitions for review of a decision by an immigration judge (IJ) – affirmed without opinion by the Board of Immigration Appeals (BIA) – pretermitting his application for cancellation of removal. The IJ pretermitted Andrade-Zamora's application for cancellation of removal because Andrade-Zamora committed theft in the fourth degree, a crime involving moral turpitude. Andrade-

Zamora argues he is eligible to apply for cancellation of removal despite this conviction because (1) a state court vacated his conviction for theft in the fourth degree; and (2) his conviction for a crime involving moral turpitude would preclude him from applying for cancellation of removal only if he was admitted to the United States within five years of committing the offense, which he was not. We deny the petition for review.

I

Arturo Andrade-Zamora was born in Villachuato, Mexico. He came to the United States at an unknown date and has lived in the United States since without ever being lawfully admitted.

In February 2014, the government served Andrade-Zamora with a Notice to Appear for removal proceedings, charging him with being a removable alien because he was present in the United States without having been admitted or paroled. At a hearing in May 2014, Andrade-Zamora, through counsel, admitted the factual allegations and conceded he was removable, but indicated he would seek cancellation of removal.

Three months later, Andrade-Zamora pled guilty in Iowa state court to one count of theft in the fourth degree and two counts of falsifying a driver's license or non-operator's identification application. The state court sentenced him to one year of probation and ordered him to pay a fine. As a result of these convictions, on November 7, 2014, the government filed a second notice charging Andrade-Zamora with being a removable alien, this time for committing a crime involving moral turpitude.

Andrade-Zamora denied this allegation and filed a motion for cancellation of removal. Along with the motion, Andrade-Zamora filed an order from the Iowa state

court that made his conviction for theft in the fourth degree and one of the two counts of falsifying a driver's license "a nullity" because the parties had discovered "material evidence" that could not have been discovered before Andrade-Zamora pled guilty. On the remaining count of falsifying a driver's license, the state court modified Andrade-Zamora's sentence to a suspended sentence of 179 days of incarceration. The state court vacated Andrade-Zamora's convictions on November 21, 2014 – two weeks after the government filed its notice alleging Andrade-Zamora was removable as a result of these convictions.

The government moved to pretermit Andrade-Zamora's application for cancellation of removal, and after a hearing, the IJ granted the government's motion. The IJ held that although the state court vacated Andrade-Zamora's conviction for theft in the fourth degree, this conviction still qualified as a crime involving moral turpitude because Andrade-Zamora had not met his burden to prove the conviction was vacated on the merits, rather than for immigration purposes. Therefore, the IJ found this conviction prohibited Andrade-Zamora from applying for cancellation of removal, and it ordered Andrade-Zamora removed to Mexico.

The BIA affirmed the IJ's decision without opinion on April 30, 2015. Andrade-Zamora timely petitioned for review.

II

Andrade-Zamora argues the IJ erred by finding his conviction for theft in the fourth degree qualified as a crime involving moral turpitude even though (1) a state court vacated this conviction; and (2) he had not been "admitted" to the United States when he committed the offense. We review the BIA's factual determinations under a substantial-evidence standard and its legal conclusions de novo. Gonzalez Cano v. Lynch, 809 F.3d 1056, 1059 (8th Cir. 2016). We give "substantial deference to the BIA's interpretation of the statutes and regulations it administers." Spacek v. Holder,

-3-

688 F.3d 536, 538 (8th Cir. 2012).  Where, as here, the BIA adopts the findings or reasoning of the IJ, we review the IJ's decision as part of the final agency action. Singh v. Lynch, 803 F.3d 988, 991 (8th Cir. 2015).

A

Andrade-Zamora argues his conviction for theft in the fourth degree does not qualify as a crime involving moral turpitude because a state court vacated the conviction.  If a court vacates an alien's criminal conviction for a reason unrelated to the merits of the case – such as to avoid immigration consequences or for rehabilitative reasons – rather than to correct a procedural or substantive defect, the conviction will still stand for immigration purposes despite its vacatur.  In re Pickering, 23 I. & N. Dec. 621, 624 (BIA 2003), rev'd on other grounds, Pickering v. Gonzales, 465 F.3d 263, 271 (6th Cir. 2006); see also Viveiros v. Holder, 692 F.3d 1, 3 (1st Cir. 2012) (noting circuit courts have "uniformly" followed this rule).  The parties dispute (1) which party bears the burden to prove the reason for vacatur, and (2) whether that party met its burden.

1

Under the Immigration and Nationality Act (INA), the alien bears "the burden of proof to establish that [he] . . . satisfies the applicable eligibility requirements" for cancellation of removal, 8 U.S.C. § 1229a(c)(4)(A)(i), including that he was not "convicted of an offense" that would disqualify him from cancellation of removal, 8 U.S.C. § 1229b(b)(1)(C).  An alien stands "convicted of an offense" that disqualifies him from cancellation of removal if the conviction was vacated to avoid immigration consequences.  Pickering, 23 I. & N. Dec. at 624.  Thus, the INA places the burden on the alien to prove not only that he has no current disqualifying convictions, but also that he has no prior disqualifying convictions that were vacated to avoid immigration consequences.  This statutory burden necessarily requires the alien to

-4-

prove the reason his prior conviction was vacated. As such, we hold that in order to apply for cancellation of removal, the alien must prove his conviction was vacated for a substantive or procedural reason, not for immigration or rehabilitative purposes.

Andrade-Zamora argues that when the alien applies for cancellation of removal the government bears the burden to prove the reason the disqualifying conviction was vacated, as it does when it charges the alien with being deportable for committing an offense that is later vacated. See Cardoso-Tlaseca v. Gonzales, 460 F.3d 1102, 1107 (9th Cir. 2006). But deportation cases are inapposite, because the burden of proof is different. While the government bears the burden to prove the alien is deportable or removable, it is the alien's burden under the INA to prove he is eligible for cancellation of removal. Thus, the burden properly falls on the government to prove the reason for vacatur when it also bears the burden to prove the alien committed a deportable offense. But the burden does not fall on the government to prove the reason for vacatur when it is the alien's burden to prove he did not commit an offense that disqualifies him from cancellation of removal. In that instance, the alien must prove the reason for vacatur.

2

Andrade-Zamora did not meet his burden to prove the Iowa state court vacated his conviction for a substantive or procedural reason, and not for immigration purposes. First, the order itself does not establish that the state court vacated Andrade-Zamora's conviction for a substantive or procedural reason. The state court vacated the conviction based on "material evidence," but it did not explain what "material evidence" the parties discovered that led it to vacate the conviction, and the term "material evidence" is not self-defining. For instance, "material evidence" could mean the parties discovered Andrade-Zamora was factually innocent of the offense (a substantive reason for vacatur), or it could mean the parties discovered Andrade-Zamora would be removed from the country due to the offense (an immigration

reason for vacatur). There is simply nothing in the order to indicate the reason the state court vacated the theft conviction, and therefore the order alone does not prove the conviction was vacated for a substantive or procedural reason. See Rumierz v. Gonzales, 456 F.3d 31, 41 (1st Cir. 2006) ("On its face, the order fails to show, as required by Pickering, that the prior conviction was vacated because of 'a defect in the underlying criminal proceedings.'").

Second, we find the timing and effect of the order relevant because they suggest the state court vacated the conviction for immigration purposes. The state court vacated Andrade-Zamora's conviction only two weeks after the government moved to remove Andrade-Zamora based on this conviction. And the state court modified Andrade-Zamora's sentence on the remaining count of falsifying a driver's license to 179 days' imprisonment, which appears to be an attempt to fit the conviction within the "petty offense" exception to removal for a crime involving moral turpitude.[1] The timing and effect of the order therefore raise an inference the state court did not vacate the conviction on a substantive or procedural ground, but rather to avoid the immigration consequences of the conviction.

More importantly, Andrade-Zamora provided no information to prove why the state court vacated his conviction. He maintained the order spoke for itself and never presented any other evidence on the issue, even though he was in the best position to do so. See In re Chavez-Martinez, 24 I. & N. Dec. 272, 274 (BIA 2007) ("In this regard, we note that the respondent was a direct party to the criminal proceeding

---

[1]Under the INA's petty offense exception, an alien convicted of a crime involving moral turpitude may still be admitted to the United States if the maximum term of imprisonment for the crime does not exceed one year, and the alien was not sentenced to a term of imprisonment in excess of six months. 8 U.S.C. § 1182(a)(2)(A)(ii)(II). Thus, Andrade-Zamora's modified sentence of 179 days' imprisonment for falsifying a driver's license fit within the 180-day limit for the petty offense exception.

leading to the vacation of his conviction and is therefore in the best position to know why the conviction was vacated and to offer evidence related to the record of conviction."). Without presenting any evidence, he failed to meet his burden, and the IJ properly found his conviction for theft in the fourth degree qualified as a crime involving moral turpitude despite its vacatur.

B

Andrade-Zamora next argues that even if his vacated conviction for theft in the fourth degree qualifies as a crime involving moral turpitude, this conviction does not preclude him from applying for cancellation of removal because he had not been "admitted" to the United States when he committed the offense.

The Attorney General has discretion to cancel removal of an alien who is inadmissible or deportable. 8 U.S.C. § 1229b(b)(1)(C). Before the alien can apply for cancellation of removal, he must prove he "has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3)," 8 U.S.C. § 1229b(b)(1)(C), which includes "crimes involving moral turpitude" under § 1227(a)(2)(A). That section provides, "Any alien who–(I) is convicted of a crime involving moral turpitude committed within five years . . . *after the date of admission*, and (II) is convicted of a crime for which a sentence of one year or longer may be imposed, is deportable." 8 U.S.C. § 1227(a)(2)(A) (emphasis added).

Andrade-Zamora argues the cross-reference in § 1229b(b)(1)(C) to an "offense under section . . . 1227(a)(2)" incorporates all of the requirements in § 1227(a)(2), including that the alien must commit the crime involving moral turpitude within five years "after the date of admission." Andrade-Zamora, however, was never lawfully admitted to the United States, and therefore he argues his conviction for a crime involving moral turpitude does not preclude him from applying for cancellation of removal because he did not commit the offense within five years of the date of

-7-

admission. In other words, the IJ erred when it found he was "convicted of an offense under section . . . 1227(a)(2)," because § 1227(a)(2) only applies to aliens who have been lawfully admitted to the United States, not unlawful entrants like him.

This Court has not addressed whether an alien is precluded from applying for cancellation of removal for being "convicted of an offense under section . . . 1227(a)(2)" if he was never admitted to the United States. 8 U.S.C. § 1229b(b)(1)(C). The BIA takes the position that the cross-reference in § 1229b(b)(1)(C) to an offense under § 1227(a)(2) should be read only as a cross-reference to the list of offenses in the statute, not as a cross-reference to the statute as a whole. Matter of Cortez, 25 I. & N. Dec. 301, 307-08 (BIA 2010) (citing Gonazlez-Gonzalez v. Ashcroft, 390 F.3d 649 (9th Cir. 2004)). Therefore, this statute applies regardless of the alien's admission status. Id.

We must decide whether the BIA's interpretation of this statute is entitled to Chevron deference. Chevron, U.S.A., Inc. v. Nat'l Res. Def. Council, 467 U.S. 837 (1984). Chevron is a familiar two-step framework. First, we use traditional tools of statutory construction to determine if Congress has unambiguously spoken to the question at issue. Hawkins v. Cmty. Bank of Raymore, 761 F.3d 937, 940 (8th Cir. 2014). If the statute is unambiguous, we simply apply the statute. Id. If the statute is ambiguous, we proceed to the second step of Chevron and apply the agency's interpretation if it "is based on a permissible construction of the statute." City of Arlington v. FCC, 133 S. Ct. 1863, 1868 (2013).

First, we find the statute ambiguous. It does not expressly specify whether it incorporates § 1227(a)(2) in its entirety – including the immigration characteristics – or merely the list of offenses. Congress has not unambiguously spoken to the issue, and we must defer to the BIA's interpretation if it is based on a permissible construction of the statute.

We hold it is. Section 1229b(b)(1)(C) prohibits an alien from applying for cancellation of removal if he has been "convicted of an offense under" § 1227(a)(2). That § 1229b(b)(1)(C) refers only to "an offense under" § 1227(a)(2) suggests it incorporates only the list of offenses and not the entire section – otherwise, it would prohibit an alien from applying for cancellation of removal if he *violates* § 1227(a)(2).

The structure of § 1227(a)(2) supports this construction as well. Section 1227(a)(2) lists various offenses and punishes the alien with an immigration consequence if he commits the offense. So if an alien is convicted of a crime involving moral turpitude (the offense), he is deportable if he committed the offense within five years of his date of admission (the immigration consequence). Section 1229b(b)(1)(C) only prohibits an alien from applying for cancellation of removal if he is "convicted of an offense" under § 1227(a)(2), and given the structure of § 1227(a)(2), the natural reading of this cross-reference is that it refers only to the list of offenses in 1227(a)(2), not the immigration consequences. After all, it is not possible to be "convicted" of being deportable (the immigration consequence) – only to be "convicted" of a crime involving moral turpitude (the offense). The structure of § 1227(a)(2) therefore supports the BIA's construction that § 1229b(b)(1)(C) incorporates only the list of offenses without incorporating all the immigration characteristics in § 1227(a)(2).

Finally, it is reasonable to apply § 1227(a)(2) to all aliens applying for cancellation of removal regardless of their admission status. Otherwise, if an alien committed a crime involving moral turpitude, he could only apply for cancellation of removal if he entered the country *unlawfully*, not if he went through proper immigration proceedings and was lawfully admitted to the United States. The unlawful entrant would benefit simply because he did not follow proper entry procedures. The BIA's construction of § 1229b(b)(1)(C) avoids this illogical result.

Every circuit that has interpreted § 1229b(b)(1)(C) has agreed with the BIA, either on the grounds that the statute is unambiguous or that the BIA's construction is permissible and entitled to <u>Chevron</u> deference. <u>See</u> <u>Hernandez v. Holder</u>, 783 F.3d 189, 195 (4th Cir. 2015) (<u>Chevron</u> deference); <u>Mancilla-Delafuente v. Lynch</u>, 804 F.3d 1262, 1265 (9th Cir. 2015) (same); <u>Coyomani-Cielo v. Holder</u>, 758 F.3d 908, 915 (7th Cir. 2014) (same); <u>Nino v. Holder</u>, 690 F.3d 691, 697 (5th Cir. 2012) (unambiguous). We join our sister circuits and find the BIA's construction of § 1229b(b)(1)(C) is permissible and therefore entitled to <u>Chevron</u> deference.

The IJ did not err when it pretermitted Andrade-Zamora's application for cancellation of removal on the grounds that he committed an offense under § 1227(a)(2), even though he was never admitted to the United States.

III

For the foregoing reasons, we deny the petition for review.

_____