# United States Court of Appeals

### For the Eighth Circuit

_____

No. 16-1256

_____

Luis Andres Mendoza-Saenz

*Petitioner*

v.

Jefferson B. Sessions, III,[1] Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: February 6, 2017
Filed: June 21, 2017
[Published]

_____

Before LOKEN, COLLOTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

_____

[1]Jefferson B. Sessions, III has been appointed to Serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

Luis Andres Mendoza Saenz (Saenz)[2] was ordered deported in December 2014. The Immigration Judge (IJ) found, and the Board of Immigration Appeals (BIA) affirmed, that Saenz was not eligible for cancellation of removal or voluntary departure because he has a prior criminal conviction for a crime involving moral turpitude (CIMT). Having jurisdiction pursuant to 8 U.S.C. § 1252, we deny Saenz's petition for review.

## I. Background

Saenz is a native and citizen of Mexico who entered the United States without inspection in 1998. In January 2011, officers discovered multiple resident alien cards, Minnesota driver's licenses, and social security cards upon executing a search warrant at Saenz's home. In August 2011, a complaint was filed in state court charging Saenz with Aggravated Forgery in violation of Minnesota Statute §§ 609.625, subdivisions 1 and 3, and 609.101. In November 2012, Saenz agreed to participate in the Dakota County Attorney's Office Adult Community Accountability Program (the diversion program), which required that he perform forty hours of community service, remain law-abiding, pay an unspecified amount of restitution, and pay a $480 fee. Saenz was obligated to pay this fee even if he was terminated from the diversion program. The county attorney dismissed the Aggravated Forgery charge against Saenz after he successfully completed the requirements of the diversion program.

In 2013, the Department of Homeland Security (DHS) initiated removal proceedings against Saenz. He did not contest his removability, but applied for cancellation of removal or, in the alternative, voluntary departure. See 8 U.S.C. § 1229b(b)(1) (cancellation of removal); id. § 1229c (voluntary departure). On

---

[2]Immigration documents indicate that Saenz has also been known as Javier Solis-Sanchez, Juan Lopez-Chavez, and Andres Mendoza.

December 3, 2014, the IJ determined that Saenz's participation in the diversion program following his Aggravated Forgery charge was a conviction for a CIMT and held that Saenz was therefore ineligible for cancellation of removal and voluntary departure. The BIA affirmed the IJ's decision on December 31, 2015. Saenz timely filed a petition for review.

## II. Discussion

We review the BIA's decision as the final agency decision, but review the IJ's decision to the extent that the BIA adopted the IJ's findings or reasoning. See Matul-Hernandez v. Holder, 685 F.3d 707, 710–11 (8th Cir. 2012). We review the BIA's "legal determinations de novo, according substantial deference to the BIA's interpretation of the statutes and regulations it administers." Id. at 711 (citation omitted). When confronted with a purely legal question of statutory interpretation, "we initially examine the statutory language, and if Congress has spoken clearly on the precise question at issue, the statutory language controls; however, if the statute is silent or ambiguous, we defer to the BIA's interpretation if it is reasonable." Crespo v. Holder, 631 F.3d 130, 133 (4th Cir. 2011) (citation omitted); see also Cuadra v. Gonzales, 417 F.3d 947, 950 (8th Cir. 2005); Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc., 467 U.S. 837, 842–43 (1984).

In order to be eligible for cancellation of removal, an alien must prove, among other things, that he has not been "convicted" of a CIMT.[3] See 8 U.S.C. § 1229b(b)(1)(C). A charged offense resulting in the withholding of an adjudication of guilt constitutes a conviction for immigration purposes where (i) an alien "has admitted sufficient facts to warrant a finding of guilt," and (ii) "the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed."

---

[3]Saenz does not challenge the IJ's determination that Aggravated Forgery is a CIMT or the determination that he is ineligible for voluntary departure.

8 U.S.C. § 1101(a)(48). Saenz does not dispute that he admitted facts sufficient to warrant a finding of guilt or the finality of the judgment against him, but argues that his participation in the diversion program does not constitute a judicially imposed penalty.

Fines, participation in alternative programs, and terms of probation constitute "punishment[s], penalt[ies], or restraint[s] on the alien's liberty" under the plain language of § 1101(a)(48)(ii). See Matter of Cabrera, 24 I. & N. Dec. 459, 460–62 (B.I.A. 2008) (finding that costs and surcharges in the criminal sentencing context constitute penalties for purposes of establishing a conviction under § 1101(a)(48)(A)); In re Salazar-Regino, 23 I. & N. Dec. 223, 228, 234 (B.I.A. 2002) (examining legislative history, noting that Congress indicated "that a conviction occurs upon a finding or confession of guilt, before the term of probation begins, regardless of whether the state requires further proceedings to determine the alien's guilt or innocence if probation is violated" and that "a subsequent dismissal of charges based solely on rehabilitative goals does not vitiate the original admission of guilt"); see also De Vega v. Gonzales, 503 F.3d 45, 49 (1st Cir. 2007) (restitution payments are "plainly a punishment or penalty" where failure to make them could ripen into a guilty plea and lead to further punishment); Uritsky v. Gonzales, 399 F.3d 728, 734–35 (6th Cir. 2005) (participation in state youthful offender trainee program constitutes a penalty for purposes of immigration conviction); Gill v. Ashcroft, 335 F.3d 574, 576 (7th Cir. 2003) (term of probation is a penalty).

As recognized by our sister circuits, Congress defined "conviction" broadly in § 1101. See, e.g., Herrera-Inirio v. I.N.S., 208 F.3d 299, 305–06 (1st Cir. 2000); Retuta v. Holder, 591 F.3d 1181, 1186 (9th Cir. 2010) ("The IIRIRA Amendment to the INA [adding the definition of conviction] expanded on what categories of deferred adjudications can constitute convictions[.]"). Subsection 1101(a)(48) clarified that "even in cases where adjudication is 'deferred,' the original finding or confession of guilt is sufficient to establish a 'conviction' for purposes of the

-4-

immigration laws." Herrera-Inirio, 208 F.3d at 306 (quoting H.R. Conf. Rep. 104-828, 224, 104th Cong. 2d Sess. (1996)). Indeed, "[t]he emphasis that Congress placed on the *original* admission of guilt plainly indicates that a subsequent dismissal of charges, based solely on rehabilitative goals and not on the merits of the charge or on a defect in the underlying criminal proceedings, does not vitiate that original admission." Id. A penalty such as Saenz's participation in and obligations under the diversion program, following admission of the alleged conduct, constitutes a penalty or punishment for purposes of defining a conviction in the immigration context.

Saenz also argues that these penalties were not ordered by a judge, but the record belies this argument. When Saenz agreed to the diversion program, he submitted an affidavit in which he acknowledged that

> if my request to continue the criminal proceedings to enter into the [diversion program] is for any reason not accepted by the court, or if I fail to comply with all terms of the program agreement, the prosecution will proceed against me just as if there had been no agreement and I will stand trial on the original or additional charges.

Saenz requested that the state district court continue his case for two years to allow him to participate in the diversion program. The record shows that a state district court judge imposed upon Saenz the condition that he pay restitution, and "sentenc[ed] Saenz] to Community work service for 40 Hours." Additionally, the court ordered Saenz to pay $480 within two years, and warned Saenz that "[t]he court may refer this case for collection" should he fail to timely pay the fine. The record therefore establishes that the court pronounced Saenz's sentence. See Singh v. Holder, 568 F.3d 525, 530 (5th Cir. 2009) (judgment is imposed at time of sentencing); De Vega, 503 F.3d at 48–49.

## III. Conclusion

Because Saenz's probation, community service, and fines constitute court-imposed penalties under 8 U.S.C. § 1101(a)(48), the BIA did not err in affirming the IJ's finding that Saenz has a conviction for Aggravated Forgery, and that Saenz is ineligible for cancellation of removal. Saenz's petition for review is denied.

_____