# United States Court of Appeals
### For the Eighth Circuit

———————————

No. 18-1074

———————————

Jonathan Jaciel Zazueta

*Petitioner*

v.

William P. Barr, Attorney General of the United States

*Respondent*

—————

Petition for Review of an Order of the
Board of Immigration Appeals

—————

Submitted: January 15, 2019
Filed: February 22, 2019

—————

Before GRUENDER, WOLLMAN, and SHEPHERD, Circuit Judges.

—————

SHEPHERD, Circuit Judge.

Jonathan Jaciel Zazueta, a citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals (BIA) upholding the decision of an immigration judge (IJ) finding him removable under the Immigration and Nationality Act (INA), 8 U.S.C. §§ 1101-1537. Having jurisdiction pursuant to 8 U.S.C. § 1252, we deny the petition.

Zazueta became a lawful permanent resident of the United States in August 2004. In January 2009, he pled guilty in Iowa state court to possession with intent to deliver a controlled substance (crack cocaine) in violation of Iowa Code §§ 124.401(1)(c)(3), 124.206(2)(d), and 703.1. The court deferred judgment and placed Zazueta on 4 years probation under Iowa Code §§ 901.5 and 907.3. Months later, an Iowa state court jury found Zazueta guilty of a second offense, second-degree robbery, in violation of Iowa Code § 711.3. Because the robbery conviction constituted a violation of Zazueta's probation from his controlled-substance deferred judgment, the state court revoked the deferred judgment and probation and sentenced him to a term not to exceed ten years for that crime.

The robbery conviction was vacated in 2016 due to ineffective assistance of counsel and dismissed in 2017. Zazueta then moved to vacate his controlled-substance conviction and reinstate the deferred judgment. While his motion was pending, the Department of Homeland Security initiated removal proceedings against Zazueta. The state court judge reinstated his deferred judgment on the controlled-substance conviction, vacated and set aside the probation revocation and conviction, allowed the withdrawal of his guilty plea, and dismissed the case. In doing so, the court emphasized that Zazueta had been "rehabilitated" such that "[c]ontinuing probation would serve no rehabilitative purpose." Admin. R. 3, ECF No. 4622584.

Zazueta then moved to terminate his removal proceedings before the IJ, arguing he no longer had a "conviction" for immigration purposes. The IJ denied his motion after determining the withdrawal of his guilty plea "was merely a function of his completion of the deferred judgment[.]" Admin. R. 69. Thus, Zazueta still had a requisite "conviction" and was removable under the INA as an alien convicted of an aggravated felony and as an alien convicted of an offense related to a controlled substance. 8 U.S.C. §§ 1101(a)(43)(A), 1227(a)(2)(B)(i). The IJ ordered Zazueta removed to Mexico.

Zazueta appealed to the BIA. The BIA dismissed the appeal, agreeing with the IJ that Zazueta's 2009 Iowa deferred judgment constituted a "conviction" for immigration purposes because the judgment was not deferred until after Zazueta pled guilty to possession of crack cocaine with intent to deliver. The BIA further found that the deferred judgment was revoked due to Zazueta's robbery conviction and then reinstated after the robbery conviction was set aside because Zazueta "had already served [eight] years in prison, he testified that he had 'rehabilitated,' and the court concluded that '[c]ontinuing probation would serve no rehabilitative purpose.'" Admin. R. 5 (second alteration in original). Because the drug conviction was vacated for rehabilitative purposes, it remained a "conviction" for immigration purposes. Accordingly, the BIA affirmed the IJ's decision.

Because Zazueta does not dispute that a deferred judgment may "constitute[] a 'conviction' for immigration purposes," Pet'r's Reply Br. 8, he argues on appeal that the withdrawal of his guilty plea and vacatur of the deferred judgment have removed any "conviction" under the applicable immigration statutes.[1] We review such legal determinations by the BIA "*de novo*, according substantial deference to the BIA's interpretation of the statutes and regulations it administers." Ramirez-Barajas v. Sessions, 877 F.3d 808, 810 (8th Cir. 2017), cert. denied, 135 S. Ct. 584 (2018) . "Though we ordinarily review only the BIA's decision, we also review the IJ's decision as part of the final agency action if the BIA adopted the findings or the

[1]Zazueta also argued that the BIA erred by not considering whether his drug offense constituted a removable offense. However, in his Reply Brief, Zazueta conceded that this court lacks jurisdiction to hear that claim because he did not raise it before the BIA. Reply Br. at 10. Therefore, we need not address the issue. See Sultani v. Gonzales, 455 F.3d 878, 884 (8th Cir. 2006) ("Failure to raise an issue before the agency constitutes a failure to exhaust administrative remedies and deprives this court of jurisdiction to hear the matter."); United States v. Hammerschmidt, 881 F.3d 633, 640 (8th Cir. 2018) (declining to discuss an issue conceded in a reply brief).

reasoning of the IJ." Etenyi v. Lynch, 799 F.3d 1003, 1006 (8th Cir. 2015) (internal quotation marks omitted).

For immigration purposes, a "conviction" is broadly defined as "a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where . . . a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and . . . the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty." 8 U.S.C. § 1101(a)(48)(A). "[E]ven in cases where adjudication is deferred the original finding or confession of guilt is sufficient to establish a conviction for purposes of the immigration laws." Mendoza-Saenz v. Sessions, 861 F.3d 720, 723 (8th Cir. 2017) (quoting Herrera-Inirio v. INS, 208 F.3d 299, 305-06 (1st Cir. 2000)); see also In re Marroquin-Garcia, 23 I&N Dec. 705, 715 (BIA 1997) (noting "conviction" envelops instances where a defendant pleads guilty and a "judge has withheld a formal adjudication of guilt but has nevertheless imposed penalties or restraints upon the defendant's liberty" (internal quotation marks omitted)). "If a court vacates an alien's criminal conviction for a reason unrelated to the merits of the case—such as to avoid immigration consequences or for rehabilitative reasons—rather than to correct a procedural or substantive defect, the conviction will still stand for immigration purposes despite its vacatur." Andrade-Zamora v. Lynch, 814 F.3d 945, 948 (8th Cir. 2016).

Here, Zazueta's reinstated deferred judgment qualifies as an immigration "conviction" under 8 U.S.C. 1101(a)(48)(A) because Zazueta "entered a plea of guilty" and, in response, the IJ ordered a "restraint on [his] liberty": deferred judgment and probation. Furthermore, the reinstatement of the deferred judgment was not intended "to correct a procedural or substantive defect" in the underlying offense. Andrade-Zamora, 814 F.3d at 948. The state court's language makes clear that its vacatur was grounded in "rehabilitative reasons," see id., repeatedly

emphasizing rehabilitation without noting any infirmity in the controlled-substance charge:

> The court cannot ignore the applicant's testimony that he has indeed learned that crime does not pay. The court cannot ignore the fact that the applicant has a committed family and children that would benefit from his involvement. It is only equitable that the deferred judgment be reinstated. It is probable that the defendant has been rehabilitated. The purpose for probation, i.e. rehabilitation, has likely been achieved. Continuing probation would serve no rehabilitative purpose.

Admin. R. 192.

It is not dispositive that Zazueta brought his claim for withdrawal of his guilty plea under Iowa Code chapter 822, which he alleges requires legal error. The language of chapter 822 is broader than Zazueta contends, allowing claims involving "evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice." Iowa Code § 822.2(1)(d). Furthermore, the state court concluded its order allowing withdrawal of his guilty plea by citing another statute, Iowa Code § 907.3(1). Admin. R. 193. Zazueta does not dispute that a deferred judgment under § 907.3(1) "constitutes a 'conviction' for immigration purposes[.]" Pet'r's Reply Br. 8. Therefore, the BIA did not err in concluding that Zazueta had a "conviction" for removal purposes.

For the foregoing reasons, we deny the petition.

_____