# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-3377
_____

Clemente Avelino Pereida

*Petitioner*

v.

William P. Barr, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: October 24, 2018
Filed: March 1, 2019

_____

Before ERICKSON, BEAM, and GRASZ, Circuit Judges.

_____

BEAM, Circuit Judge.

Clemente Avelino Pereida, a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals (Board) affirming the Immigration Judge's (IJ) grant of the Department of Homeland Security's (DHS's) motion to pretermit Pereida's cancellation of removal application. Pereida pleaded no contest to a Nebraska criminal attempt charge (Neb. Rev. Stat. § 28-201(1)(b))

arising from the use of a fraudulent social security card to obtain employment at National Service Company of Iowa, operating in rural Crete, Saline County, in violation of Nebraska Revised Statute § 28-608 (2008).[1] The determinative issue in this matter is whether Pereida's criminal attempt conviction qualifies as a crime involving moral turpitude (CIMT), making him ineligible for cancellation of removal. The criminal impersonation offense underlying Pereida's attempt conviction is a divisible statute with subsections, some of which qualify as CIMTs and one subsection that may not. Applying the modified categorical approach, it is not possible to ascertain which subsection formed the basis for Pereida's conviction. It is Pereida's burden to establish his eligibility for cancellation of removal and he thus bears the adverse consequences of this inconclusive record. Accordingly, because Pereida cannot establish that he was eligible for cancellation of removal, we uphold the Board's determination that he has not shown such eligibility. Thus, we deny Pereida's petition for review.

## I.    BACKGROUND

Pereida is a citizen of Mexico who entered the United States without authorization or inspection in, according to his application for cancellation of removal, approximately 1995. He has thus lived in the United States for an extended period of time and, according to the immigration record, has been gainfully employed, paid taxes and with his wife, raised his family (comprised of their three children) here. On August 3, 2009, DHS issued a Notice to Appear (NTA) charging Pereida with removability. Pereida admitted the factual allegations in the NTA and conceded the charge of removability, but in March 2011 filed an application for Cancellation of Removal and Adjustment of Status pursuant to 8 U.S.C. § 1229b(b)(1). In August

---

[1]Nebraska Revised Statute § 28-608 was the statute under which Pereida was arrested in July 2009. The statute was revised, effective August 30, 2009, and is currently found at Nebraska Revised Statute § 28-638.

2014, DHS filed a Motion to Pretermit Pereida's application asserting that he had been convicted of a CIMT, which is a mandatory bar to his requested relief, given Pereida's no contest plea to a charge of attempted criminal impersonation

The IJ analyzed the substantive crime of criminal impersonation in Nebraska underlying Pereida's criminal attempt charge and held that the statute is divisible; that Pereida was necessarily convicted under a subsection requiring the specific intent to defraud, deceive or harm; and thus Pereida's conviction under this statute constituted a CIMT. Having found Pereida's attempted criminal impersonation conviction to be a CIMT, the IJ additionally held that because the conviction was punishable by a maximum term of "not more than one year imprisonment," Neb. Rev. Stat. § 28-106(1), it constituted a conviction "of an offense under subsection 1182(a)(2) [and] 1227(a)(2)," barring Pereida from the relief requested, at least according to the IJ's analysis of 8 U.S.C. § 1229b(b)(1)(C). The IJ's decision was reviewed by the Board, which did not go so far in its analysis.

The Board agreed that only three subsections under Nebraska Revised Statute § 28-608 qualified as CIMTs because each contained as a necessary element the intent to defraud or deceive, thus making the statute divisible. Under a modified categorical approach, the Board found no record as to which particular subsection of the statute Pereida was ultimately convicted of violating. This is where the Board ended its analysis. The Board noted that Pereida bore the burden of proving that his particular conviction did not bar relief. 8 U.S.C. § 1229a(c)(4). Accordingly, the Board found that Pereida failed to carry his burden of proving that his conviction was not a CIMT, and that he was thus statutorily ineligible for cancellation of removal. Pereida petitioned this court for review of the Board's order, claiming that his conviction of attempted criminal impersonation does not fall within the definition of a CIMT. Pereida additionally claims that even if his Nebraska conviction qualifies as a CIMT, it falls within the petty offense exception available under 8 U.S.C. § 1182(a)(2)(A)(ii).

## II.    DISCUSSION

We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(D) to review "constitutional claims or questions of law raised upon a petition for review." "We review the [Board's] factual determinations under a substantial-evidence standard and its legal conclusions de novo." Andrade-Zamora v. Lynch, 814 F.3d 945, 948 (8th Cir. 2016). Where, as here, the Board adopted the reasoning of the IJ, we consider the two decisions together. Saldana v. Lynch, 820 F.3d 970, 974 (8th Cir. 2016).

To be eligible for cancellation of removal, Pereida had to meet four requirements. 8 U.S.C. § 1229b(b)(1). At issue here is whether, under 8 U.S.C. § 1229b(b)(1)(C), Pereida's conviction for attempted criminal impersonation is a CIMT as defined by the Immigration and Nationality Act (INA) in 8 U.S.C. § 1182(a)(2) or § 1227(a)(2). If it is, and if no exceptions apply, Pereida is ineligible for cancellation of removal.

We first apply the "categorical approach" to determine whether Pereida's conviction qualifies as a CIMT by comparing the elements of that state offense to see if it fits within the generic definition of a crime involving moral turpitude. Moncrieffe v. Holder, 569 U.S. 184, 190 (2013). In doing so, we presume that the conviction rested upon nothing more than the least of the acts criminalized by the state statute. Gomez-Gutierrez v. Lynch, 811 F.3d 1053, 1058 (8th Cir. 2016) (applying the realistic probability test in the context of a CIMT analysis). Deferring to the agency's interpretation of this ambiguous statutory phrase left undefined by Congress, "[c]rimes involving moral turpitude have been held to require conduct 'that is inherently base, vile, or depraved, and contrary to accepted rules of morality and the duties owed between persons or to society in general.'" Guardado-Garcia v. Holder, 615 F.3d 900, 902 (8th Cir. 2010) (quoting Lateef v. Dep't of Homeland Sec., 592 F.3d 926, 929 (8th Cir. 2010)). "Crimes involving the intent to deceive or

defraud are generally considered to involve moral turpitude." Id. (quoting Lateef, 592 F.3d at 929).

The underlying Nebraska offense of criminal impersonation at issue, as it existed at the relevant time, stated:

> (1) A person commits the crime of criminal impersonation if he or she: (a) Assumes a false identity and does an act in his or her assumed character with intent to gain a pecuniary benefit for himself, herself, or another or to deceive or harm another; (b) Pretends to be a representative of some person or organization and does an act in his or her pretended capacity with the intent to gain a pecuniary benefit for himself, herself, or another and to deceive or harm another; (c) Carries on any profession, business, or any other occupation without a license, certificate, or other authorization required by law; or (d) Without the authorization or permission of another and with the intent to deceive or harm another: (i) Obtains or records personal identification documents or personal identifying information; and (ii) Accesses or attempts to access the financial resources of another through the use of a personal identification document or personal identifying information for the purpose of obtaining credit, money, goods, services, or any other thing of value.

Neb. Rev. Stat. § 28-608 (2008).

Reviewing this statute as a whole, there appears to be no disagreement among the parties or each of the reviewing courts to-date that the statute defines crimes that are not categorically CIMTs. Both the IJ and the Board concluded that because three of the subsections of § 28-608 contained as a necessary element the intent to deceive, they qualified as a CIMT. However, because a violation of subsection (c) would not, on its face, require the same mens rea requirement, there was a realistic probability that the statute punished non-turpitudinous conduct as well. We agree. Because this statute is divisible, the inquiry does not end here. Villatoro v. Holder, 760 F.3d 872,

877 (8th Cir. 2014) (noting that upon application of the categorical approach the inquiry ends if the statute at issue either requires or excludes conduct involving moral turpitude).

Having determined that not all crimes proscribed by the Nebraska statute would qualify as a CIMT, we apply a modified categorical approach to this divisible statute. Mathis v. United States, 136 S. Ct. 2243, 2249 (2016) (explaining that a divisible statute "list[s] elements in the alternative, and thereby define[s] multiple crimes). It is at this juncture where the IJ and Board's analyses parted ways and where we find the heart of the matter in this particular case. Applying the modified categorical approach to the record before us, we are unable to discern the subsection of § 28-608 under which Pereida was convicted.

It is a maxim oft repeated that under the INA, the alien bears "the burden of proof to establish that [he] satisfies the applicable eligibility requirements" for cancellation of removal, 8 U.S.C. § 1229a(c)(4)(A)(i), including that he was not "convicted of an offense" that would disqualify him from cancellation of removal, 8 U.S.C. § 1229b(b)(1)(C). Andrade-Zamora, 814 F.3d at 948. Here, then, it is Pereida's burden to establish that his conviction for attempted criminal impersonation is not a CIMT. Yet, as Pereida himself acknowledges and argues, there is no indication of the subsection of the statute under which Pereida was convicted, i.e., that the documents filed by DHS, that included the complaint, are insufficient to clarify the matter. This acknowledgment, however, is not in Pereida's favor. There are only a "limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) [that this court can review] to determine what crime, with what elements, [Pereida] was convicted of." Mathis, 136 S. Ct. at 2249. On this record, without more, or without any indication that the record is complete, as is, we are unable to make the requisite determination, as the Board itself indicated. Even assuming a complete record is before us, the fact that Pereida is not to blame for the ambiguity surrounding his criminal conviction does not relieve him of his obligation

to prove eligibility for discretionary relief under this circuit's precedent. Andrade-Zamora, 814 F.3d at 949 ("While the government bears the burden to prove the alien is deportable or removable, it is the alien's burden under the INA to prove he is eligible for cancellation of removal[;] . . . [or, stated differently] to prove he did not commit an offense that disqualifies him from cancellation of removal."); Lucio-Rayos v. Sessions, 875 F.3d 573, 581-82 (10th Cir. 2017) (placing the ultimate burden on the alien where an alien sought discretionary relief and none of the documents in the record indicated under what provision he was convicted), cert. denied, 2019 WL 113529 (Jan. 7, 2019); Syblis v. Att'y Gen. of the U.S., 763 F.3d 348, 356 (3d Cir. 2014) (joining the Fourth, Seventh, Ninth and Tenth Circuits in holding that an inconclusive record is insufficient to satisfy a noncitizen's burden of proving eligibility for discretionary relief). We are bound by our precedent absent en banc reconsideration or a superseding contrary decision by the Supreme Court regarding this unique situation.

Our inability to discern the particular crime for which Pereida was convicted forecloses any substantive discussions advanced by Pereida on appeal. For example, Pereida references case law from sister circuits in support of his argument that his particular offense of attempted criminal impersonation is not a CIMT, pointing out various viewpoints on the theoretical boundaries and legal uncertainty in the arena of defining what, exactly, constitutes (or should constitute) moral turpitude in situations such as this. See, e.g., Beltran-Tirado v. INS, 213 F.3d 1179, 1184-85 (9th Cir. 2000); Arias v. Lynch, 834 F.3d 823, 830-36 (7th Cir. 2016) (Posner, J., concurring). Pereida also alternatively argues that even *if* this court were to hold that his offense qualifies as a CIMT, the petty offense exception, 8 U.S.C. § 1182(a)(2)(A)(ii)(II), carries the day on these facts. However, the absence of the

necessary substantive determination regarding the existence or not of a CIMT in this case precludes any additional discussion and ends the inquiry before us.[2]

## III.  CONCLUSION

For the foregoing reasons, we deny Pereida's petition for review.

_____

---

[2]We do note that whether or not there is a determination regarding the applicability of the petty theft exception under 8 U.S.C. § 1182(a)(2)(A)(ii)(II), Pereida is ultimately foreclosed in seeking cancellation of removal.  This court held in Andrade-Zamora that the cross-reference in 8 U.S.C. § 1229b(b)(1)(C) only refers to the list of offenses and not the immigration consequences.  814 F.3d at 950-51. Accordingly, Pereida would fail to carry his burden to show that he has not been convicted of an offense under section 1227(a)(2), which includes CIMTs "for which a sentence of one year or longer may be imposed," because Pereida's Nebraska conviction was punishable by a maximum term of "not more than one year imprisonment."  8 U.S.C. §§ 1227(a)(2)(A)(i)(II), 1229b(b)(1)(C); Neb. Rev. Stat. §§ 28-106(1), 28-201(4)(e).